**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

MICHAEL DYSON                                    CIVIL ACTION

VERSUS                                           NO. 16-12677

SOCIAL SECURITY ADMINISTRATION                   SECTION "R" (3)

**REPORT AND RECOMMENDATION**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.      **BACKGROUND**

Plaintiff initially filed an application for DIB, which the Administrative Law Judge ("ALJ") denied on September 14, 2012. (Adm. Rec. at 106-25). After plaintiff appealed the denial, the Appeals Council ("AC") remanded the claim to the ALJ for further consideration. (*Id.* at 162-66). On May 30, 2014, the ALJ again denied plaintiff's claim. (*Id.* at 143-161).

Although the record is quite confusing and the parties are far from clear, it appears that in the meantime, plaintiff filed another application for DIB on December 26, 2012, alleging a disability onset date of December 1, 2011. (*Id.* at 126, 281-84). Plaintiff alleged disability due to bilateral, patellofemoral syndrome, bulging discs, degenerative disc disease, scoliosis, post-traumatic stress disorder, and sleep apnea. (*Id.* at 335). Plaintiff, born on February 10, 1976, was 35 years old on the date on which he alleged disability and 40 years old at the time of the final

administrative decision under review here.   (*Id.* at 281).   Plaintiff has a high-school education. (*Id.* at 336).   Plaintiff has past work experience as a fork lift operator, extruder operator, and order filler.   (*Id.* at 345).

Defendant initially denied plaintiff's application on May 31, 2013. (*Id.* at 169). Plaintiff sought an administrative hearing, which defendant held on December 21, 2015. (*Id.* at 35-68). Plaintiff and a vocational expert ("VE"), Karen Harrison, testified at the hearing.

On March 25, 2016, the ALJ issued a decision in which she found that plaintiff has not been disabled since August 20, 2011. (*Id.* at 13-29).   In the decision, the ALJ concluded that plaintiff has the following severe impairments: degenerative disc disease, knees, bilaterally; hiatal hernia; degenerative disc disease and intermittent soft tissue strains; obesity; and anxiety disorder. (*Id.* at 15).   The ALJ also specifically found that plaintiff has the following non-severe impairments: diabetes mellitus; hypertension; sleep apnea; non-proliferative diabetic retinopathy of the right eye; and tinnitus with normal hearing.   (*Id.*).

The ALJ held that plaintiff does not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations.   (*Id.* at 17).   The ALJ found that plaintiff retains the residual functional capacity ("RFC") to perform sedentary work activity as defined in 20 C.F.R. § 404.1567(a) except with the following additional limitations: lifting and/or carrying of 10 pounds occasionally and less than 10 pounds frequently; standing and walking two hours in an eight=hour workday; sitting six hours in an eight-hour workday; no concentrated exposure to extremes of heat and humidity; he can never climb ladders, ropes, and scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; and can occasionally have direct contact with the public, supervisors, and co-workers but not in the open or in large crowds such as a stadium setting. (*Id.* at 19).   The ALJ concluded

2

that plaintiff can not perform his past relevant work.   (*Id.* at 27).   She concluded, however, that plaintiff can perform the jobs of office clerk, inspector tester, and production worker.   (*Id.* at 28-29). The ALJ thus denied plaintiff DIB.   (*Id.* at 29).

Plaintiff asked the AC to review the ALJ's conclusion that he is not disabled.   (*Id.* at 8). On June 1, 2016, the Appeals Council denied plaintiff's request.   (*Id.* at 1-6). Plaintiff then timely filed this civil action.

## II.    STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.   *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991).   If the Commissioner's findings are supported by substantial evidence, this Court must affirm them.   *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.   *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).    It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).   A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.   *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own

judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III.    ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but can not, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R.

4

§§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).    The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.    *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)).    If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy.    *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).    Step V also requires the Commissioner to use the medical-vocational guidelines to make her disability determination.    *Id.*

5

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## IV.    ISSUES ON APPEAL

There are three issues on appeal:

(1)    Whether substantial evidence supports the ALJ's consideration of the medical opinions of J.K. Jackson, M.D. and Camalyn Gaines, M.D.

(2)    Whether substantial evidence supports the ALJ's consideration of plaintiff's Veteran's Affair ("VA") determination.

(3)    Whether the ALJ properly assessed plaintiff's credibility.

## V.    ANALYSIS

### 1.    Whether substantial evidence supports the ALJ's consideration of the medical opinions of J.K. Jackson, M.D. and Camalyn Gaines, M.D.

Plaintiff first argues that the ALJ failed to properly weigh the medical evidence.   It is well established that "[a] treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence.'" *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (citing 20 C.F.R. § 404.1527(d)(2)). It is also well established, however, that if good cause exists, an ALJ may give a treating physician's opinion little or no weight. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000). "Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically

acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456.

Plaintiff complains that the ALJ failed to consider the factors outlined in 20 C.F.R. § 404.1527(d)(2).  However, the Fifth Circuit has held that an ALJ does not need to articulate a discussion of the factors found in 20 C.F.R. § 404.1527 when, as here, the record contains an examination report from another examining physician. *Newton v. Apfel*, 209 F.3d 448, 456-58 (5th Cir. 2000); *see also Thibodeaux v. Astrue*, 324 F. App'x 440, 445 (5th Cir. 2009) (finding that when the record contains "reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist . . . the ALJ was not required to apply the criteria set forth in 20 C.F.R. § 404.1527(d)(2).").

In June 2013, Jackson completed a check-the-box form titled "Mental Residual Functional Capacity Assessment." (Adm. Rec. at 591-94). Jackson noted that plaintiff has moderate to marked limitations in understanding, remembering, and carrying out simple instructions, and moderate limitations in making simple work-related decisions. (*Id.* at 27, 591). He also indicated that plaintiff has marked limitations in all forms of social interaction and adaptation. (*Id.* at 594). The ALJ specifically considered Jackson's opinions but found them unsupported by Jackson's own treatment notes and plaintiff's reported activities. (*Id.* at 27).

The Court finds that the ALJ correctly observed that the unreliability of Jackson's opinion is evidenced by his own treatment notes. (*Id.* at 27). Jackson's treatment notes reveal simple background information about plaintiff, symptoms that plaintiff self-reported, and a checklist of thought content/perceptual disturbances. (*Id.* at 713-16, 652-56, 1143-46, 1158-61, 1098-1101). The treatment notes do not support the severe mental limitations stated in the mental capacity

assessment. (*Id.* at 591-94). Rather, he often noted that plaintiff exhibited good rapport and a goal-directed thought process. (*Id.* at 1079, 1099, 1144, 1159). The ALJ also observed that Jackson's April 2013 and October 2014 opinions of marked and extreme limitations in understanding, concentration, and pace were not consistent with plaintiff's ability to obtain an online Associates Degree in 2014. (*Id.* at 27, 40, 591-94, 890-93). These observations weigh against Jackson's opinion that plaintiff has such severe mental limitations.   When a treating physician's opinion is unsupported by clinical examination it is entitled to no more than little weight. *Perez v. Barnhart*, 415 F.3d 457, 465-466 (5th Cir. 2005).

Further, check-the-box questionnaires, such as Jackson's opinion here, typify the "brief and conclusory" statements that an ALJ may disregard under the good cause exceptions to the treating physician rule. *See Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (finding good cause to assign little weight to a treating physician's questionnaire opinion "due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examinations . . ."). As a result, the Court finds that the ALJ properly gave little weight to Jackson's opinions in the Mental Residual Functional Capacity Assessment. (*Id.* at 27).

Plaintiff also argues that the ALJ failed to grant controlling weight to the opinion of Gaines. The ALJ accorded limited weight to the opinion of Gaines due to additional exertional limitations that Gaines indicated. (*Id.* at 26). The ALJ noted that much of Gaines's opinion is consistent with the record as a whole, including plaintiff's ability to carry out tasks requiring effective ambulation such as shopping and climbing. (*Id.* at 26). The ALJ noted that the additional exertional limitations that Gaines indicated are not consistent with the demonstrated minimally restricted range of motion during examinations, negative straight leg raise testing, and plaintiff's ability to ambulate without

assistance and with normal gait. (*Id.* at 26, 1116, 1127, 1151). Further, records from the VA show that plaintiff has been encouraged to exercise throughout his course of treatment, which suggests that he retains a greater capacity for physical functioning than outlined by Gaines. (*Id.* at 26, 1140). Even with this assessment, the ALJ limited plaintiff to sedentary work with only occasional balancing, stooping, kneeling, crouching, and crawling. (*Id.* at 19). Sedentary work represents a significantly restricted range of work, and individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations. SSR 96-9p, 1996 WL 374185 at *3.

Contrary to plaintiff's assertion, the ALJ relied on first-hand evidence from examining sources such as Julie Arseneau, Ph.D., Sandra Durdin, Ph.D., and Henry Bienert, M.D., in giving little weight to Jackson's opinion and limited weight to Gaines's. (Adm. Rec. at 24-27). For example, Arseneau opined that she could not conclude that plaintiff would be unemployable due to his panic disorder. (*Id.* at 27, 1170). She also noted that plaintiff was previously employed while experiencing panic symptoms. (*Id.* at 1170). The ALJ also considered Durdin's finding that plaintiff should avoid high demand situations and highly crowded situations. (*Id.* at 26, 585). The ALJ further noted the opinion of Bienert, which stated that plaintiff retained the ability to perform sedentary work despite his knee condition. (*Id.* at 26, 1107). Plaintiff incorrectly argues that the ALJ relied solely on the opinion of non-examining physician Lisette Constantin, Ph.D., to give little weight to doctors Johnson and Gaines. However, the only mention of Constantin's opinion in the ALJ's decision that this Court can find is in relation to minimal social interaction; a limitation which is supported by examining physician Durdin and properly assessed in the RFC by the ALJ. (*Id.* at 19, 26, 585).

Plaintiff maintains that any reliance on his subjective complaints by Jackson and Gaines is strictly due to the nature of the alleged impairment. To support this argument, plaintiff cites to and – the Court finds – misinterprets, 20 C.F.R. § 404.1528. Plaintiff contends that observable psychiatric abnormalities are acceptable clinical and diagnostic techniques in the context of mental impairments. However, the regulation states that anatomical, physiological, or psychological abnormalities ("signs") must be shown by medically acceptable clinical diagnostic techniques, and psychiatric signs (*e.g.*, abnormalities of behavior, mood, thought, memory, etc.) must also be shown by observable facts that can be medically described and evaluated. 20 C.F.R. § 404.1528(b) and (c). Plaintiff fails to include in his interpretation of the regulation that psychiatric signs, while shown by observable facts, must be medically described and evaluated. They have not been so here.  The Court finds that substantial evidence and relevant legal precedent support the weight that the ALJ accorded to each opinion of each doctor.

**2.    Whether substantial evidence supports the ALJ's consideration of plaintiff's Veteran's Affair ("VA") determination.**

The Fifth Circuit has held – and plaintiff acknowledges – that a disability finding by the VA or any other governmental or non-governmental agency is not binding on the Commissioner. *Johnson v. Sullivan*, 894 F.2d 683, 686 (5th Cir. 1990). The VA rendered a disability rating decision effective September 13, 2011, in which it stated that plaintiff has an overall rating of 80 per cent, 70 per cent of which is attributed to panic disorder with agoraphobia and generalized anxiety disorder (claimed as post-traumatic stress disorder ("PTSD") with anxiety and depression). (Adm. Rec. at 1342). The Court finds that the ALJ considered this opinion, in addition to the remaining medical evidence of record, and rendered the proper RFC with limitations supported by

substantial evidence. (*Id.* at 18-27).

Contrary to plaintiff's argument, the ALJ properly considered his VA rating. Specifically, the ALJ considered the 70 per cent rating for PTSD. (*Id.* at 23-25). While some VA disability ratings are entitled to great weight, the Fifth Circuit has noted that the weight given to such rating depends upon the factual circumstances of each case. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).

Here, the ALJ discussed in detail several opinions within the record that relate to plaintiff's mental limitation.   (Adm. Rec. at 26-27). Contrary to plaintiff's argument, the ALJ specifically considered the opinion of Arseneau. (*Id.* at 27). The ALJ noted that Arseneau completed a compensation and pension examination on June 20, 2014. (*Id.* at 27, 1165-1170). In the diagnosis portion of the examination notes, Arseneau indicated that plaintiff suffers from panic disorder with agoraphobia and generalized anxiety disorder. (*Id.* at 24, 1165). In the clinical findings portion of the examination notes, she stated that although plaintiff was previously diagnosed with PTSD, the current examination better characterizes his disorder as an anxiety disorder. (*Id.* at 24, 1169). Arseneau opined that "it is not possible to conclude that [plaintiff] would be unemployable solely due to panic disorder given the diverse range of employment opportunities and settings that exist. Additionally, [plaintiff] was previously employed with panic symptoms." (*Id.* at 1170). The ALJ properly considered this opinion as evidenced by the determination that plaintiff's anxiety disorder is a severe impairment and by limiting plaintiff to work environments with only occasional contact with the public, supervisors, and coworkers; and never in large crowds. (*Id.* at 15, 19). The ALJ properly took plaintiff's anxiety order into consideration in fashioning his RFC.   That is all that is required under the law.

3.    **Whether the ALJ properly assessed plaintiff's credibility.**

Plaintiff argues that the ALJ failed to properly evaluate her credibility.   The ALJ must first determine if the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, and the ALJ will then complete a seven-factor analysis in determining the credibility of subjective complaints. 20 C.F.R. § 404.1529(b) and (c) and § 416.929(b) and (c). See SSR 96-7p (1996 WL 374186) (detailing factors that ALJ must consider). The ALJ must articulate credible and plausible reasons for rejecting subjective complaints, and failure to do so is grounds for remand. *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1988) (finding that an "ALJ's unfavorable credibility evaluation of a claimant's complaints of pain will not be upheld on judicial review where the uncontroverted medical evidence shows a basis for the claimant's complaints unless the ALJ weighs the objective medical evidence and assigns articulated reasons for discrediting the claimant's subjective complaints of pain").

However, while the ALJ's credibility finding must be made with sufficient specificity, it need not follow formalistic rules; rather the ALJ's credibility evaluation must be viewed in full context. *See Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994). Evaluating credibility is a task particularly within the province of the ALJ. *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988). The court does not "sit in de novo review [or] re-weigh the evidence. The ALJ enjoys the benefit of perceiving first-hand the claimant at the hearing." *Falco*, 27 F.3d at 163 n.18 (internal citation omitted). As such, the ALJ's credibility determination is entitled to considerable deference. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).

The ALJ noted the lack of objective medical evidence to support plaintiff's allegations of

disability. (*Id.* at 20-26). It is well-settled that a claimant's subjective complaints must be corroborated, at least in part, by objective evidence. *Wren v. Sullivan*, 925 F.2d 123, 129 (5th Cir. 1991). With regard to plaintiff's alleged physical impairments, the ALJ noted several mild to normal findings. (*Id.* at 20-23). For example, in May 2011, knee x-rays revealed very minimal degenerative changes bilaterally. (*Id.* at 20, 694). In October 2015, knee x-rays revealed only mild degenerative narrowing of the patellofemoral and medial components of the right and left knee. (*Id.* at 20, 1320). Similarly, a March 2014 magnetic resonance image ("MRI") of plaintiff's lumbar spine showed mild facet degenerative changes, but did not provide evidence of degenerative disc disease. (*Id.* at 20, 1189). The medical records consistently reveal normal gait, "5/5" strength in all extremities, negative straight leg raise testing, and no muscle atrophy. (*Id.* at 21, 614-34, 644). "The absence in the record of objective factors indicating the existence of severe pain, such as persistent significant limitations in the range of motion, muscular atrophy, weight loss, or impairment of general nutrition justifies the conclusions of the administrative law judge." *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987) (holding that although claimant demonstrated some limitation of motion and muscle weakness, collective analysis supported credibility assessment).

The ALJ also considered plaintiff's positive response to treatment. (*Id.* at 20). Treatment notes from Gonzales Chiropractic state that plaintiff had a "marked decrease in pain and increases in range of motion in all areas of the spine in all planes of motion" due to the chiropractic treatment that plaintiff received. (*Id.* at 20, 944). Frederic Gonzales, D.C., also indicated that plaintiff should anticipate further improvement with time. (*Id.* at 944). "If an impairment reasonably can be remedied or controlled by medication or therapy, it cannot serve as a basis for a finding of disability." *Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988) (citing 20 C.F.R. § 404.153).

Further diminishing plaintiff's credibility is the finding by the ALJ – and as demonstrated by the medical evidence – to keep and attend physical therapy appointments. (*Id.* at 21, 926). Professional Physical Therapy discharged plaintiff due to his attending only 14 of the 33 scheduled appointments. (*Id.* at 926). Failure to follow treatment is a proper credibility factor and does not support a finding of disability. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

With regard to plaintiff's alleged mental limitations, specifically PTSD, the ALJ concluded that plaintiff's subjective complaints were not supported by the record as a whole. (*Id.* at 24). For example, VA physician Arseneau stated that plaintiff's condition is better characterized as panic disorder and generalized anxiety disorder rather than PTSD. (*Id.* at 887). And despite plaintiff's allegation of irritability and anxiety in large crowds, he was consistently calm and polite when dealing with doctors; had appropriate mood and affect during examination; attended a parade; and spent time with family. (*Id.* at 24-25, 584, 1053, 1059, 1099). The ALJ ultimately included mental limitations in the RFC assessment to specifically accommodate plaintiff's mental difficulties.

The Court finds that the ALJ outlined a full and proper credibility evaluation. A claimant's work history is but one factor to consider when evaluating plaintiff's symptoms. *See McGee v. Astrue*, No. 2:10-cv-1826, 2012 WL 7456174, at *8 (W.D. La. Nov. 26, 2012), *report and recommendation adopted*, 2013 WL 704624 (W.D. La. Feb. 26, 2013) (noting that the Fifth Circuit has not adopted the rule of law espoused in the Second and Third Circuits). Even if the ALJ did not consider plaintiff's "strong work history" as plaintiff argues, the Court finds that substantial evidence supports the ALJ's credibility determination.

## VI.    CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.   *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 17th day of July, 2017.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

15