UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL DYSON | CIVIL ACTION |
| VERSUS | NO. 16-12677 |
| SOCIAL SECURITY ADMINISTRATION | SECTION "R" (3) |

# ORDER AND REASONS

The Court, having reviewed *de novo* the complaint,[1] plaintiff's motion for summary judgment,[2] defendant's cross-motion for summary judgment,[3] the record, the applicable law, the Magistrate Judge's Report and Recommendation,[4] and plaintiff's objections,[5] hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

Plaintiff has three objections to the Report and Recommendation. First, plaintiff argues that the Administrative Law Judge (ALJ) erred in according little weight to the opinion of plaintiff's treating psychiatrist, Dr. Jackson.[6] Dr. Jackson completed two check-the-box mental capacity assessments indicating that plaintiff has moderate to marked limitations in

---

[1] R. Doc. 1.
[2] R. Doc. 12.
[3] R. Doc. 15.
[4] R. Doc. 16.
[5] R. Doc. 17.
[6] R. Doc. 17-1 at 1-9.

understanding, remembering, and carrying out simple instructions and marked to extreme limitations in social interaction, concentration, persistence, and adaption.[7] The ALJ concluded that these limitations were not consistent with Dr. Jackson's own treatment notes reflecting the plaintiff's intact thought processes and cooperative behavior, were contradicted by and outweighed by the opinion of examining physician Dr. Arseneau, and were inconsistent with other evidence in the record.[8]

Plaintiff argues that Dr. Jackson's opinion was supported by treatment notes indicating flashbacks, paranoid delusions, intrusive thoughts, nightmares, an up-and-down mood, and only fair judgment and insight.[9] But these symptoms do not directly relate to plaintiff's concentration and persistence or his ability to understand, remember, and carry out instructions. Moreover, the ALJ took into account plaintiff's psychiatric concerns in concluding that he suffers from a severe impairment of anxiety disorder that somewhat limits his ability to engage in direct contact with others.[10] The Magistrate Judge properly concluded that the ALJ had good cause to accord little weight to Dr. Jackson's opinion because it was

---

[7]     R. Doc. 10-2 at 28; R. Doc. 10-7 at 149; R. Doc 10-9 at 156.
[8]     R. Doc. 10-2 at 28.
[9]     R. Doc. 17-1 at 2.
[10]    R. Doc. 10-2 at 20, 25.

conclusory and unsupported by evidence.[11] *See Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000); *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995).

Second, plaintiff contends that the ALJ erred in giving limited weight to the opinion of his treating physician Dr. Gaines.[12] The ALJ found that some of the exertional limitations identified by Dr. Gaines were inconsistent with the objective evidence, including examination records indicating plaintiff's minimally restricted range of motion and plaintiff's ability to walk without assistance.[13] The ALJ pointed to specific medical evidence in the record, including the findings of examining physician Dr. Bienert, to support the conclusion that plaintiff does not experience all the exertional limitations identified by Dr. Gaines.[14] The Magistrate Judge correctly found that substantial evidence supports the weight that the ALJ accorded to the opinions of both Dr. Jackson and Dr. Gaines.[15]

Finally, plaintiff objects to the ALJ's credibility findings.[16] The ALJ concluded that plaintiff's statements about the intensity and persistence of his symptoms were not entirely credible because, among other reasons,

---

[11] R. Doc. 16 at 6-8.
[12] R. Doc. 17-1.
[13] R. Doc. 10-2 at 27.
[14] *Id.* at 21-23, 26-27; *see also* R. Doc. 10-12 at 1-9.
[15] R. Doc. 16 at 10.
[16] R. Doc. 17-1 at 9.

3

plaintiff's account was inconsistent with his mild clinical findings and his minimal or delayed treatment.[17] The ALJ also noted that plaintiff's credibility was diminished by his use of a cane during consultative examinations despite his observed ability to walk without assistance.[18] Contrary to plaintiff's contentions,[19] the ALJ did not base her credibility finding only or primarily on plaintiff's ability to engage in daily activities. The ALJ had the "benefit of perceiving first-hand the claimant at the hearing" and was best positioned to make credibility determinations. *Falco v. Shalala*, 27 F.3d 160, 165, 164 n.18 (5th Cir. 1994). The Court finds that the ALJ's denial of plaintiff's claim was supported by substantial evidence.

Accordingly, defendant's cross-motion for summary judgment is GRANTED. Plaintiff's motion for summary judgment is DENIED and plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __30th__ day of August, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[17] R. Doc. 10-2 at 21-24.
[18] *Id.* at 24.
[19] R. Doc. 17-1 at 9.